# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-933V
(not to be published)

|  |  |
|---|---|
| DONNA DUCEY, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 5, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*David Gordon Hart, The Hart Law Firm, Colleyville, TX, for Petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 12, 2017, Donna Ducey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered anaphylaxis and Guillain Barré syndrome due to her receipt of Tdap and influenza vaccines on September 3, 2015.[3] (Petition at 1, 2). On February 16, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 79).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner also received a Pneumovax vaccine on September 3, 2015, but that is not a covered vaccine under the Vaccine Injury Compensation Program.

Petitioner has now filed a motion for attorney's fees and costs, dated March 2, 2021 (ECF No. 83), requesting a total award of $53,009.69 (representing $47,629.05 in fees and $5,380.64 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 83-1). Respondent reacted to the motion on March 15, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 84). On March 18, 2021, Petitioner filed a reply stating she would not file a substantive reply to Respondent's response. (ECF No. 85).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A.  Hourly Rates

Petitioner requests I endorse the following hourly rates for attorney David Hart: $390 per hour for time billed in 2016; $395 per hour for time billed in 2017; $410 per hour for time billed in 2018; $420 per hour for time billed in 2019; and $450 per hour for time billed in 2020 and 2021. (ECF No. 83-3 at 1 - 11). Mr. Hart has been a licensed attorney since 1986, placing him in the range of attorneys with over 31 years' experience for his time billed on this case.[4] (ECF No. 83-2 at 2). However, although the requested rates are within the appropriate experience ranges set by OSM, Mr. Hart does not have demonstrated Vaccine Act experience, with this matter being only his second Program case. It is therefore improper for Mr. Hart to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at \*17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $375 per hour for time billed in 2016; $394 per hour for time billed in 2017; $407 per hour for time billed in 2018; $415 per hour for time billed in 2019; and $433 per hour for time billed in 2020. This reduces the amount to be awarded in fees by **$527.32**.[5] For time billed in 2021, however, the requested rate of $450 per hour is reasonable, and I award it herein. Mr. Hart will be entitled to rate increases for future years as he demonstrates more experience in Vaccine Program cases.

---

[4] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This amount is calculated as follows: ($390 - $375 x $15 x 16.39 hrs = $245.85) + ($395 - $394 = $1 x 15.13 hrs = $15.13) + ($410 - $407 = $3 x 13.16 hrs = $39.48) + ($420 - $415 = $5 x 10 hrs = $50) + ($450 - $433 = $17 x 10.58 hrs = $179.86) = $527.32.

Additionally, Petitioner requests the rate for associate attorney Walter L. Taylor of $395 per hour for time billed in 2019. (ECF No. 83-3 at 5). Mr. Taylor has been a licensed attorney since 1989 placing him in the range of attorneys with 20 – 30 years' experience. However, his requested rate is on the high range for what an attorney with comparable overall legal experience (including those with a lack of vaccine petition-specific experience) would receive in the Vaccine Program.[6] Accordingly, I find it reasonable to reduce the requested hourly rates to $375 per hour for his time billed in 2019. This further reduces the fees to be awarded by **$89.60**.[7]

## B. Administrative Time, Travel Time, and Block Billing

In addition to reducing the requested hourly rates, I find that the amount of attorney's fees requested must be reduced to account for tasks billed that include administrative time and time billed incorrectly for travel. After a review of the records, a majority of these entries are blocked with other tasks - making it extremely difficult to parse out the time inappropriately billed to this matter. Block billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task."[8] Several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request.

The filed billing records also reveal several instances in which work was performed on tasks considered clerical or administrative and are blocked with tasks that are billable. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing

---

[6] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

[7] This amount is calculated as follow: $395 - $375 = $20 x 4.48 hrs = $89.60.

[8] The Guidelines for Practice can be found at
http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelines.pdf

*Rochester*, 18 Cl. Ct. at 387). A few examples of these entries (which do not constitute an exhaustive list) include:

- November 6, 2015 (1.0 hrs) "Set up file";

- March 29, 2019 (30 mins) "Fax to Dr. Koganti threating deposition";

- December 11, 2019 (30 mins) "Fax request to IRS requesting copies of tax returns";

- February 4, 2020 (1hr 30 mins) "Call from client. Download copies of tax returns from email. Email and mail tax returns to opposing counsel. Scan housekeeping receipts. Email and mail housekeeping receipts to opposing counsel"; and

- February 25, 2020 (1.0 hrs) "Pay invoice for Baylor All Saints records, download records. Copy to CD. Mail records on CD to opposing counsel via certified mail."

(ECF No. 83-3 at 1, 6 and 8).

There are also some issues with time devoted to travel. Mr. Taylor billed for time traveling to a meeting with Petitioner's doctors, with time billed for the meetings in the same entry, and legal assistant Debby Steffens billed time for travel to Petitioner's residence to obtain a signature, combining time spent with Petitioner with time to fax documents in the same entry. (ECF No. 83-3 at 5 and 11). In the Vaccine Program, however, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). A total of five hours was billed on travel with additional tasks. As the travel time was billed with other tasks, I am unable to decipher the amount of time spent on each task.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). I hereby reduce the request for attorney

5

fees by five percent, as a fair blanket adjustment to account for these minor billing issues. This results in an overall reduction for a total of **$2,350.61.**

## ATTORNEY COSTS

Petitioner requests $5,380.64 in costs. (ECF No. 83-4 at 1). This amount is comprised of obtaining medical records, shipping costs and expert fees. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$50,042.16** (representing $44,661.52 in fees and $5,380.64 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.